IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO S. CORREDOR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Case No. 20-cv-00514-SRB |
| | ) | Crim. Case No. 09-cr-00188-SRB-01 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Alejandro Corredor's ("Corredor") Motion to Vacate Judgment Under 28 U.S.C. § 2255 (Doc. #3) and the Government's Motion to Dismiss as Untimely Movant's Motion Under 28 U.S.C. § 2255 (Doc. #5). For the reasons stated below, the Government's motion is GRANTED and Corredor's motion is DENIED.

### I. BACKGROUND

In 2010, Corredor pled guilty to: (1) Count One: conspiracy to distribute five kilograms or more of cocaine in violation of 18 U.S.C. §§ 846, 841(a)(1) and b(1)(A); (2) Count Two: aiding and abetting bulk cash smuggling in violation of 31 U.S.C. § 5332(a)(1) & (b) and 18 U.S.C. § 2; (3) Count Three: possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (4) Count Four: money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A), (h), and 1957. (Crim. Doc. #295.)[1] On June 13, 2012, The Honorable Nanette K. Laughrey sentenced Corredor to a 200-month term of imprisonment on Count One, a 60-month term of imprisonment on Count Two, and a 120-month term of

---

[1] "Crim. Doc." refers to the docket entry number in the corresponding criminal case *United States v. Corredor*, No. 09-cr-00188-SRB-01.

imprisonment on Count Four, with each prison term to be served concurrently. (Crim. Doc. #744.) Judge Laughrey additionally sentenced Corredor to a 160-month prison term for Count Three to be served consecutively to his other sentences, for a combined term of imprisonment totaling 360 months. (Crim. Doc. #744.) Corredor appealed his Judgment and Sentence, but he voluntarily dismissed his appeal soon after. (Crim. Doc. #772.) Corredor is incarcerated at a low-security federal correction institution in Beaumont, Texas, and his projected release date is November 13, 2035.[2]

Corredor filed his instant § 2255 motion on June 24, 2020, claiming that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), because his Count Three conviction of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A) is rendered void by *Davis*. The Government disagrees, arguing that Corredor's motion is untimely because his sentence was finalized in 2012 and *Davis* is inapplicable to his case.

**II. LEGAL STANDARD**

A court must determine the timeliness of a § 2255 motion before considering the merits of the movant's claims. *See Grady v. United States*, 269 F.3d 913, 919 (8th Cir. 2001) ("An untimely § 2255 motion presents the government with an affirmative defense that precludes a court from granting relief on the merits of the claims. Thus, the court [is] obliged to determine the timeliness of [the movant's] motion before delving into the merits of his constitutional claims."). Title 28 U.S.C. § 2255(f) provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;

---

[2] *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 18, 2020).

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year time limit for filing § 2255 motions is a statute of limitation and does not operate as a jurisdictional bar. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing he is entitled to it." *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980); *accord Young v. United States*, No. 12-00086-01-CR-W-FJG, 2018 WL 10798646, at *2 (W.D. Mo. Mar. 28, 2018).

## III. DISCUSSION

Corredor was sentenced on June 13, 2012, and his Judgment was subsequently entered on June 15, 2012. Corredor appealed that sentence on June 27, 2012, but he voluntarily dismissed his appeal on December 17, 2012. The parties agree that Corredor did not file the instant motion within one year of his Judgment becoming final. Consequently, Corredor's motion is untimely unless he can show that he qualifies for either statutory or equitable tolling. *See Young*, 2019 WL 10798646, at *2.

Corredor contends that his motion is timely under § 2255(f)(3) because he filed it within one year of the U.S. Supreme Court's decision in *Davis*, which was decided on June 24, 2019. Corredor's instant motion only challenges the 160 month-sentence he received for Count Three of his guilty plea, specifically his violation of 18 U.S.C. § 924(c)(1)(A) for the "possession of a

3

firearm in relation to a drug trafficking crime." (Crim. Doc. #744.) Corredor argues "the crime of assault/shooting categorically fails to qualify as a 'crime of violence'" post-*Davis* and that his conviction under Count Three is therefore void, making his motion timely under § 2255(f)(3). In opposing Corredor's motion, the Government argues that Corredor's Count Three conviction is based on his possession of a firearm during a drug trafficking crime, not a "crime of violence," and that *Davis* is therefore inapplicable.

The Court agrees with the Government and finds *Davis* inapplicable to Corredor's case. Section 924(c) imposes heightened criminal sentences for individuals who use, carry, or possess a firearm while committing "any crime of violence *or* drug trafficking crime." *See Davis*, 139 S. Ct. at 2324 (emphasis added). The term "crime of violence" is defined by two statutory subparts: the elements clause (§ 924(c)(3)(A)) and a residual clause (§ 924(c)(3)(B)), while the term "drug trafficking crime" is defined in § 924(c)(2). In *Davis*, the U.S. Supreme Court found the residual clause of § 924(c)(3)(B) unconstitutionally vague, but did not invalidate or call into question the elements clause (§ 924(c)(3)(A)) or the definition of a drug trafficking crime under § 924(c)(2). *See id.* at 2325–36; *accord Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (finding that *Davis* did not afford movant relief because the elements clause (§ 924(c)(3)(A)) applied rather than § 924(c)(3)(B), the residual clause). As reflected in his Judgment and Commitment (Crim. Doc. #744), Corredor's sentence under Count Three was imposed for his possession of a firearm in relation to a drug trafficking crime, not a crime of violence. Consequently, Corredor's case is unaffected by *Davis* and he is unable to benefit from the timing provision of § 2255(f)(3). *See, e.g.*, *Carter v. United States*, No. 20-CV-245, 2020 WL 758954, at *2–3 (E.D. Mo. Feb. 14, 2020) (finding *Davis* inapplicable to movant's § 2255 petition because he pled guilty to a crime

4

in furtherance of a drug trafficking crime, not a crime of violence) (collecting cases); *Higgins v. United States*, No. 4:19-CV-02863-RWS, 2020 WL 587690, at *4 (E.D. Mo. Feb. 6, 2020).

In his reply brief, Corredor argues that *Davis* applies to his Count Three sentence because "it is very evident that the Government and the sentencing Judge included the elements of crime of violence under [18 U.S.C. § 924(c)(1)(A)] in bringing the charges to the judge's attention and in effecting an illegal sentence." (Doc. #9, p. 1.) Specifically, Corredor contends both the plea agreement and presentence investigation report contain factual admissions relating to his "aid[] in the assault of another person during the drug conspiracy," and he argues that act is a crime of violence unrelated to his possession of a firearm in furtherance of a drug trafficking crime. (Doc. #9, p. 2.) Corredor suggests that Judge Laughrey improperly considered that extraneous crime of violence when sentencing him and, in doing so, imposed a sentence made unconstitutional by *Davis*. The Court disagrees. As discussed earlier, Count One charged Corredor with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), a drug trafficking crime under § 924(c)(2). Count Three charged Corredor with the possession of a firearm in relation to that drug trafficking crime. In turn, the predicate offense underlying Corredor's Count Three sentence is a drug trafficking crime, not a crime of violence, and his sentence is therefore unaffected by *Davis*, which only invalidated § 924(c)(3)(B). His contention that Judge Laughrey relied on a § 924(c)(3)(B) crime of violence unrelated to his drug trafficking crimes when sentencing him under Count Three is not supported by the record.[3]

---

[3] In his reply, Corredor generally cites portions of his plea agreement and presentence investigation report to support his argument, but he does not identify with specificity the particular factual allegations which, in his view, constitute unrelated crimes of violence subject to the ruling in *Davis*. Corredor raised this same argument in his initial § 2255 petition, and the Government responded that Corredor had not charged with a federal crime for allegedly "aiding and abetting an assault." (Doc. #5, p. 5). The Government's argument is supported by the record and Corredor, in his reply, does not identify portions of the record that show otherwise. Corredor thus fails to establish that *Davis* is applicable in this situation and, consequently, he cannot benefit from the tolling provision under § 2255(f)(3).

5

Since Corredor does not provide any other basis to toll the statute of limitations or to otherwise run the limitation period from a later date pursuant to § 2255(f)(2), (3), or (4), his motion is time barred and must be denied and dismissed as untimely. As this determination is apparent from the record, a hearing on the matter is not required. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted) ("A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief.").

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, which governs the right to appeal the denial of a § 2255 motion, a court must either issue or deny a certificate of appealability when entering a final order adverse to the movant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since Corredor has made no such showing in this case, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Government's Motion to Dismiss as Untimely Movant's Motion Under 28 U.S.C. § 2255 (Doc. #5) is GRANTED and Petitioner Corredor's Motion to Vacate Judgment Under 28 U.S.C. § 2255 (Doc. #3) is DENIED. Further, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 1, 2020